(No. 74-CV-54— )

HOWARD WENDZINSKI, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 17, 1975.*
*Amended opinion filed January 27, 1975.*

HOWARD WENDZINSKI, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arose out of a criminal aggravated battery on May 17, 1974, at 5812 W. 35th Street, Cicero, Illinois. Howard Wendzinski of 5804 W. 35th Street, Cicero, Illinois, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act" (hereafter referred to as the "Act"), *Ill. Rev. Stat.,* 1973 Chap. 70 Sec. 71 et. seq.

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report by the Attorney Gen-

eral of the State of Illinois, which substantiates the matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds as follows:

1. That the claimant was a victim of a violent crime covered under the Act to wit:

"Aggravated Battery, *Ill. Rev. Stat.*, 1973, Ch. 38, Sec. 12-4

2. That the claimant has suffered damages in excess of $200 compensable by Sec. 4 of the Act to wit:

A. Hospital Expenses .................................$2,127.55
B. Doctor Expenses ..................................$ 339.00

 TOTAL MEDICAL EXPENSES ...................$2,466.55

C. That claimant was unable to work from May 17, 1974, to July 15, 1974, as a result of his injuries. That he sustained an actual net loss in wages in the amount of $651.44 for this 2-month period.
 NET WAGE LOSS or $500 per month whichever is less: ...$ 651.44

 TOTAL EXPENSES & LOST WAGES ............$3,117.99

D. That claimant has received no benefits or reimbursements from any other source, nor is he or his family entitled to such benefits from other sources as a result of his injuries.
 TOTAL UNREIMBURSED EXPENSES ............$3,117.99

E. That there if $.75 telephone charge on claimant's hospital bill that is not compensable under the Crime Victims' Compensation Act.
 LESS UNCOMPENSABLE EXPENSES ............$ .75
 LESS $200 Deductible
 Pursuant to Sec. 7 (d) .........................$ 200.00

 TOTAL ................................$2,917.24

3. That the appropriate law enforcement officials, Cicero Police Department, were notified of the perpetration of the crime allegedly causing the injury to the victim as soon after its perpetration as was reasonably practicable under the circumstances.

4. That claimant has cooperated fully with law

enforcement officials. That, as of the this date, the assailant has not been identified or apprehended.

5. That the victim and his assailant were not related and sharing the same household.

6. That the injury to the victim was not substantially attributable to his wrongful act or substantial provocation of his assailant.

7. That a timely notice was filed June 15, 1974. That claimant's timely Application, Subrogation, and Authorization for Records and Reports were filed with the Clerk on June 6, 1974.

8. That the proof submitted in support of this claim satisfies all the requirements of this Act.

9. That the claim is therefore compensable.

10. That the amount of compensation due the claimant is $2,917.24 as determined by Sec. 4 and 7 (d) of the Act.

IT IS HEREBY ORDERED that the sum of $2,917.24 (TWO THOUSAND NINE HUNDRED AND SEVENTEEN DOLLARS AND TWENTY FOUR CENTS) be awarded Howard Wendzinski as an innocent victim of a violent crime.

## AMENDED OPINION
## and
## SUPPLEMENTARY ORDER

This court has previously filed its opinion in the above matter awarding compensation to the claimant in the total sum of—$2,917.24. However, payment of the said award has been delayed due to an omission in the law concerning certain payment procedures which the General Assembly will remedy as expeditiously as possible.

To expedite a payment of part of the compensation to which the above named claimant is entitled, the court on its own motion orders herewith an immediate partial payment up to the limit which this court is legally authorized to order paid in such claims from the Court of Claims Fund.

Accordingly, the court hereby supplements and amends the opinion and order previously filed in this claim by adding the following further order:

IT IS FURTHER ORDERED that the sum of $999.99 (Nine Hundred Ninety-nine Dollars and ninety-nine cents) be paid to the claimant immediately from the Court of Claims Fund as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $1,917.25 be referred forthwith to the General Assembly for its approval.